**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **APOLONIO LOPEZ MATEO and** | § | |
| **FRANCISCA EMILIA RIVAS BLANDON,** | § | |
| | § | |
| **Plaintiffs,** | § | **CIVIL ACTION NO. 1:25-cv-384** |
| | § | |
| **v.** | § | |
| | § | |
| **ANZH, LLC** | § | |
| **d/b/a LOS CATRACHOS RESTAURANT,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Apolonio Lopez Mateo and Francisca Emilia Rivas Blandon, who worked as kitchen staff at Defendant's restaurant in Austin, bring this action for unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Defendant systematically failed to pay Plaintiffs overtime wages for their hours worked in excess of 40 in a workweek. In multiple workweeks, Defendant also failed to pay Plaintiffs at least the minimum wage of $7.25 per hour for all hours worked.

Accordingly, Plaintiffs seek their unpaid minimum and overtime wages under the Fair Labor Standards Act, an equal amount as liquidated damages, and the attorney's fees and costs reasonably incurred in prosecuting this action, as provided by law.

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question).

2.      Venue is proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1391(b) as Defendant resides in this District and all or a substantial part

of the acts or omissions giving rise to Plaintiffs' causes of action occurred in this District.

## THE PARTIES

3.     Plaintiffs Apolonio Lopez Mateo and Francisca Emilia Rivas Blandon are individuals residing in the Western District of Texas. They have consented to the filing of this action for violations of the FLSA. *See* Exhibit A.

4.     Defendant ANZH, LLC is a Texas entity located at 1015 E. Braker Ln., Ste. 6, Austin, Texas 78753. Defendant ANZH, LLC may be served with process by serving its registered agent Karim Umetia at 2204 Milan Meadows Dr., Leander, Texas 78641.

## FACTUAL ALLEGATIONS

### A.     Defendant

5.     Defendant ANZH, LLC owns and operates Los Catrachos Restaurant ("Los Catrachos"), a restaurant and sports bar located at 1015 E Braker Ln. Ste. 6, Austin, Texas 78753.

### B.     Plaintiff Apolonio Lopez Mateo's Employment

6.     Plaintiff Apolonio Lopez Mateo ("Lopez") worked at Los Catrachos as kitchen staff from approximately 2021 until approximately July 2024.

7.     Plaintiff Lopez regularly worked well over 40 hours per week for Defendant throughout his employment at Los Catrachos, regularly working approximately 75 hours per week.

8.     Throughout his employment, Plaintiff Lopez regularly worked six days each week, and his regular daily schedule began at approximately 11:00 AM and ended between 11:00 PM and 1:00 AM. Plaintiff Lopez did not have a designated break each workday.

9.     During the three years before the filing of this suit, Defendant paid Plaintiff Lopez on a salary basis.

10.     Until approximately December 2023, Defendant paid Plaintiff Lopez $1,000 twice

a month. Plaintiff Lopez received these payments on or about the 15th and last days of each month.

11.     From approximately January 2024 to July 2024, Defendant switched to a biweekly pay period and paid Plaintiff Lopez $1,125 every two weeks. During this period, Defendant falsely reported on Plaintiff Lopez's paystubs that he was being paid at a rate of $18.75 per hour for 60 hours of work performed in each biweekly pay period. Consequently, Defendant deliberately underreported Plaintiff Lopez's hours worked, as Plaintiff Lopez regularly worked approximately 75 hours per week. Upon information and relief, Defendant issued Plaintiff Lopez's pay in this manner to make it appear as if Plaintiff Lopez was not working overtime hours each week, while continuing to pay Plaintiff Lopez on a salary basis without an overtime premium.

12.     For multiple workweeks in the three years prior to the filing of this suit, the salary that Defendant paid to Plaintiff Lopez was not enough to compensate him at least $7.25 per hour for all hours that he worked.

13.     Defendant did not pay Plaintiff Lopez any overtime premium for the hours that he worked in excess of 40 in a given workweek.

14.     As a result of these pay practices, Defendant failed to pay Plaintiff Lopez at least the minimum wage rate for all of the hours he worked each workweek. Defendant also failed to pay Plaintiff time and half his regular rate of pay as overtime compensation for all hours worked in excess of 40 hours during each workweek as required by the FLSA.

### C.     Plaintiff Francisca Emilia Rivas Blandon's Employment

15.     Plaintiff Francisca Emilia Rivas Blandon ("Rivas") worked at Los Catrachos as kitchen staff from approximately January 2022 until approximately March 2024.

16.     Plaintiff Rivas regularly worked well over 40 hours per week for Defendant throughout her employment at Los Catrachos, regularly working between 50 and 65 hours per

week.

17.     Throughout her employment, Plaintiff Rivas regularly worked six days each week. Plaintiff Rivas's schedule varied from day to day. Plaintiff Rivas often worked from approximately 3:00 PM to between 11:00 PM and 12:00 AM. She also on occasion worked extended shifts from approximately 9:00 AM to 11:00 PM. She worked at least 7 hours per day and sometimes worked more than 14 hours per day. Plaintiff Rivas did not have a designated break each workday.

18.     During the three years before the filing of this suit, Defendant paid Plaintiff Rivas on a salary basis.

19.     Until approximately December 2023, Defendant paid Plaintiff Rivas $900 twice a month. Plaintiff Rivas received these payments on or about the 15th and last days of each month.

20.     From approximately January 2024 to July 2024, Defendant switched to a biweekly pay period and paid Plaintiff Rivas $875 every two weeks. During this period, Defendant falsely reported on Plaintiff Rivas's paystubs that she was being paid at a rate of $12.50 per hour for 70 hours of work performed in each biweekly pay period. Consequently, Defendant deliberately underreported Plaintiff Rivas's hours worked, as Plaintiff Rivas regularly worked between 50 and 65 hours per week. Upon information and relief, Defendant issued Plaintiff Rivas's pay in this manner to make it appear as if Plaintiff Rivas was not working overtime hours each week, while continuing to pay Plaintiff Rivas on a salary basis without an overtime premium.

21. For several  workweeks during the three years prior to the filing of this suit, the salary that Defendant paid to Plaintiff Rivas was not enough to compensate her at least $7.25 per hour for all hours that she worked.

22.     Defendant did not pay Plaintiff Rivas any overtime premium for the hours that she worked in excess of 40 in a given workweek.

23.    As a result of these pay practices, Defendant failed to pay Plaintiff Rivas at least the minimum wage rate for all the hours she worked each workweek. Defendant also failed to pay Plaintiff Rivas time and half her regular rate of pay as overtime compensation for all hours worked in excess of 40 hours during each workweek, as required by the FLSA.

### D.    Coverage under the Fair Labor Standards Act

24.    At all times relevant to this action and as a matter of economic reality, Defendant employed Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

25.    Upon information and belief, during the year 2022, Defendant had a gross annual volume of sales exceeding $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

26.    Upon information and belief, during the year 2023, Defendant had a gross annual volume of sales exceeding $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

27.    Upon information and belief, during the year 2024, Defendant had a gross annual volume of sales exceeding $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

28.    Throughout the three years prior to the filing of this Complaint, Defendant employed several individuals, including both Plaintiffs, who regularly handled goods and materials that moved in interstate commerce including food, alcohol, and kitchen equipment manufactured outside of Texas.

29.    At all times relevant to this action, Defendant knowingly, willfully, or with reckless disregard, carried out its illegal pattern or practice of failing to pay the required overtime and minimum wage compensation due to Plaintiffs.

## CLAIMS FOR RELEF

### FLSA Minimum Wage

30.     Defendant violated the FLSA, 29 U.S.C. § 206(a), by failing to pay Plaintiffs at least the minimum wage for all hours worked, for which Plaintiffs are entitled to relief pursuant to 29 U.S.C. § 216(b).

31.     Defendant's failure to pay Plaintiffs the federally mandated minimum wage was a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

### FLSA Overtime

32.     Defendant violated the FLSA, 29 U.S.C. § 207(a) by failing to pay Plaintiffs time and a half their regular rate of pay for all hours worked in excess of forty each workweek, for which Plaintiffs are entitled to relief pursuant to 29 U.S.C. § 216(b).

33.     Defendant's failure to pay Plaintiffs their federally mandated overtime wages was a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

### ATTORNEY'S FEES AND COSTS

34.     Plaintiffs retained the services of the undersigned counsel to prosecute their claims. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover reasonable attorneys' fees and costs from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that, upon trial of this action, this Court:

A.      Award damages to Plaintiffs for Defendant's failure to pay minimum wage and overtime wages under the Fair Labor Standards Act, and an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b);

B.       Award Plaintiffs reasonable attorney's fees and costs;

C.       Award Plaintiffs post-judgment interest, as provided by law; and

D.       Award Plaintiffs such other and further relief as this Court deems just and proper.

Respectfully submitted,

By:    /s/ Duchoang Daniel Pham
Duchoang Daniel Pham
Texas State Bar No. 24116900
dpham@equaljusticecenter.org
EQUAL JUSTICE CENTER
5373 West Alabama St., Ste. 553
Houston, Texas 77056
Phone: (832) 441-4787
Fax: (512) 474-0008

Anna Bocchini
Texas State Bar No. 24057410
abocchini@equaljusticecenter.org
EQUAL JUSTICE CENTER
314 E Highland Mall Blvd., Ste. 401
Austin, TX 78752
Phone: (512) 474-0007 ext. 105
Fax: (512) 474-0008

**ATTORNEYS FOR PLAINTIFFS**