IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| APOLONIO LOPEZ MATEO and FRANCISCA EMILIA RIVAS BLANDON, | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 1:25-cv-384 |
| v. | § § § | |
| ANZH, LLC d/b/a LOS CATRACHOS RESTAURANT | § § § § | |
| Defendant. | | |

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant, ANZH, LLC d/b/a LOS CATRACHOS RESTAURANT ("Defendants") files the following Answer to Plaintiffs APOLONIO LOPEZ MATEO and FRANCISCA EMILIA RIVAS BLANDON's ("Plaintiffs") Complaint (ECF 1).

**ANSWER**

1.    With respect to the allegations contained in Paragraph 1 of Plaintiffs' Complaint, Defendant agrees that this Court has jurisdiction. Defendant denies the remainder of the allegations in that Paragraph. To the extent necessary, Defendant also denies the factual allegations in the first two paragraphs of introduction.

2.    With respect to the allegations contained in Paragraph 2 of Plaintiffs' Complaint, Defendant agrees that venue is proper. Defendant denies the remainder of the allegations in that Paragraph.

3.    With respect to the allegations contained in Paragraph 3 of Plaintiffs' Complaint, Defendant does not have knowledge regarding Plaintiffs' current

residence. Defendant admits that documents purporting to be Plaintiffs' consents have been filed with the Court. Defendant denies the remainder of the allegations in that Paragraph.

4. With respect to the allegations contained in Paragraph 4 of Plaintiffs' Complaint, Defendant admits the description of its registered agent and entity status, but denies that the agent was ever properly served with process. Defendant denies the remainder of the allegations in that Paragraph.

5. With respect to the allegations contained in Paragraph 5 of Plaintiffs' Complaint, Defendant admits the allegations.

6. With respect to the allegations contained in Paragraph 6 of Plaintiffs' Complaint, Defendant admits the allegations.

7. With respect to the allegations contained in Paragraph 7 of Plaintiffs' Complaint, Defendant admits that Plaintiff Lopez sometimes worked over 40 hours per week. Defendant denies the remainder of the allegations in that Paragraph.

8. With respect to the allegations contained in Paragraph 8 of Plaintiffs' Complaint, Defendant admits that sometimes Lopez worked six days each week. Except as admitted, Defendant denies the allegations.

9. With respect to the allegations contained in Paragraph 9 of Plaintiffs' Complaint, Defendant denies the allegations.

10. With respect to the allegations contained in Paragraph 10 of Plaintiffs' Complaint, Defendant denies the allegations.

11.     With respect to the allegations contained in Paragraph 11 of Plaintiffs' Complaint, Defendant admits that it normally paid Plaintiff via check twice a month as part of his compensation. Defendant denies all other allegations.

12.     With respect to the allegations contained in Paragraph 12 of Plaintiffs' Complaint, Defendant admits that it normally paid Plaintiff via check every two weeks as part of his compensation. Defendant denies all other allegations.

13.     With respect to the allegations contained in Paragraph 13 of Plaintiffs' Complaint, Defendant denies the allegations.

14.     With respect to the allegations contained in Paragraph 14 of Plaintiffs' Complaint, Defendant denies the allegations.

15.     With respect to the allegations contained in Paragraph 15 of Plaintiffs' Complaint, Defendant admits the allegations.

16.     With respect to the allegations contained in Paragraph 16 of Plaintiffs' Complaint, Defendant admits that Plaintiff Rivas sometimes worked over 40 hours per week. Defendant denies the remainder of the allegations in that Paragraph.

17.     With respect to the allegations contained in Paragraph 17 of Plaintiffs' Complaint, Defendant admits that sometimes Plaintiff Rivas worked six days each week. Except as admitted, Defendant denies the allegations.

18.     With respect to the allegations contained in Paragraph 18 of Plaintiffs' Complaint, Defendant denies the allegations.

19.    With respect to the allegations contained in Paragraph 19 of Plaintiffs' Complaint, Defendant admits that it normally paid Plaintiff via check twice a month as part of her compensation. Defendant denies all other allegations.

20.    With respect to the allegations contained in Paragraph 20 of Plaintiffs' Complaint, Defendant admits that it normally paid Plaintiff via check every two weeks as part of his compensation. Defendant denies all other allegations.

21.    With respect to the allegations contained in Paragraph 21 of Plaintiffs' Complaint, Defendant denies the allegations.

22.    With respect to the allegations contained in Paragraph 22 of Plaintiffs' Complaint, Defendant denies the allegations.

23.    With respect to the allegations contained in Paragraph 23 of Plaintiffs' Complaint, Defendant denies the allegations.

24.    With respect to the allegations contained in Paragraph 24 of Plaintiffs' Complaint, Defendant admits the allegations.

25.    With respect to the allegations contained in Paragraph 25 of Plaintiffs' Complaint, Defendant admits the allegations.

26.    With respect to the allegations contained in Paragraph 26 of Plaintiffs' Complaint, Defendant admits the allegations.

27.    With respect to the allegations contained in Paragraph 27 of Plaintiffs' Complaint, Defendant admits the allegations.

28.    With respect to the allegations contained in Paragraph 28 of Plaintiffs' Complaint, Defendant admits the allegations.

29.     With respect to the allegations contained in Paragraph 29 of Plaintiffs' Complaint, Defendant denies the allegations.

30.     With respect to the allegations contained in Paragraph 30 of Plaintiffs' Complaint, Defendant denies the allegations.

31.     With respect to the allegations contained in Paragraph 31 of Plaintiffs' Complaint, Defendant denies the allegations.

32.     With respect to the allegations contained in Paragraph 32 of Plaintiffs' Complaint, Defendant denies the allegations.

33.     With respect to the allegations contained in Paragraph 33 of Plaintiffs' Complaint, Defendant denies the allegations.

34.     With respect to the allegations contained in Paragraph 34 of Plaintiffs' Complaint, Defendant admits the Plaintiffs have retained counsel and are entitled to recovery of reasonable and necessary attorneys' fees if they prevail and meet the requirements of law. To the extent that a response is necessary to the prayer for relief, Defendant denies that Plaintiffs are entitled to the requested relief.

## **DEFENDANTS' AFFIRMATIVE DEFENSES**

35.     Plaintiffs' claims are barred, in whole or in part, because Defendant acted at all times in good faith to comply with the FLSA, and with reasonable grounds to believe that its actions did not violate the statutes cited in the Complaint. Accordingly, Plaintiffs may not recover liquidated damages for a willful violation of the FLSA and nor does a three (3) year statute of limitations apply.

36.     Defendant has not willfully failed to pay Plaintiffs any wages and/or other monies claimed due, and there is a bona fide, good faith dispute with respect to Defendant's obligation to pay any sum that may be alleged to be due.

37.     Defendant is entitled to offset any overpayment of wages.

38.     Plaintiffs' claims are barred to the extent that any work performed falls within an exception, exclusion, exemption or credit provided for in the FLSA.

39.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## DEFENDANT'S PRAYER FOR RELIEF

**WHEREFORE**, Defendant respectfully requests the Court to enter judgment that Plaintiffs take nothing, dismiss Plaintiffs' suit with prejudice, and such other relief as is just and equitable.

Respectfully submitted,


By: */s/ C. Elaine Howard*
    C. ELAINE HOWARD
    Federal Bar No.: 18302
    Texas SBN: 00790921
    1885 Saint James Place, 15th Floor
    Houston, TX 77056
    T: (713) 850-4200
    F: (713) 850-4211
    ehoward@andrewsmyers.com
    **ATTORNEY-IN-CHARGE FOR**
    **DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing instrument has been served on all counsel of record as set out below, on November 17, 2025:

**Via E-Service:**

Duchoang Daniel Pham
dpham@equaljusticecenter.org
Equal Justice Center
5373 West Alabama St., Ste. 553
Houston, Texas 77056

Anna Bocchini
abocchini@equaljusticecenter.org
Equal Justice Center
314 E Highland Mall Blvd., Ste. 401
Austin, Texas 78752

*Attorneys For Plaintiffs*

*/s/C. Elaine Howard*
C. ELAINE HOWARD
